UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

(FILED ELECTRONICALLY)

CIVIL ACTION NO. __5:19-cv-98-TBR_____

UNITED STATES OF AMERICA                                         PLAINTIFF

vs.

VIRGINIA FELGENHAUER, as heir                          DEFENDANTS
of GRACIE A. CASHION
1906 Greenbriar Road, Apt. B
Murray, KY 42071-3106

BRENDA FERGUSON, as heir
of GRACIE A. CASHION
206 Irvan Street
Murray, KY 42071

LISA WIDENER, heir of BOBBY CASHION,
deceased heir of GRACIE A. CASHION
1312 Willman Lane
Knoxville, TN 37919-8147

RANDALL WIDENER, spouse of LISA WIDENER
1312 Willman Lane
Knoxville, TN 37919-8147

JENNIFER WILBANKS, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
SERVE: Warning Order Attorney

BRANDY WALKER, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
315 North 7th Street
Murray, KY 42071-2026

JAMES WALKER, spouse of BRANDY WALKER
315 North 7th Street
Murray, KY 42071-2026

TERRY BILLINGTON, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
2110 Carol Drive
Murray, KY 42071-2784

HANNAH BILLINGTON, spouse of TERRY BILLINGTON
2110 Carol Drive
Murray, KY 42071-2784

BRAD BILLINGTON, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
1412 Beach Road
Kirksey, KY 42054-8943

TABITHA BILLINGTON, spouse of BRAD BILLINGTON
1412 Beach Road
Kirksey, KY 42054-8943

JOSEPH MONEYMAKER, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
SERVE: Warning Order Attorney

BRIAN CASHION, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
1088 Reno Flinchum Road
Walnut Cove, NC 27052-6631

REBECCA CASHION, spouse of BRIAN CASHION
1088 Reno Flinchum Road
Walnut Cove, NC 27052-6631

WILLIAM E. CASHION, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
253 Lothridge Lane D
Lexington, NC 27292-5704

ASHLEY B. CASHION, spouse of WILLIAM E. CASHION
4113 Holloway Church Road
Lexington, NC 27292-8570

COURTNEY CASHION, heir of DAVIS CASHION,
deceased heir of GRACIE A. CASHION
2413 Purdue Circle
Fort Collins, CO 80525-1768

MARGARET TOM, heir of FLORENCE MCKINNEY,
deceased heir of GRACIE A. CASHION
105 Walnut Court, Apt. B
Benton, KY 42025-1650

ANY UNKNOWN HEIRS AND SPOUSES OF
HEIRS OF GRACIE A. CASHION
SERVE: Warning Order Attorney

ANY UNKNOWN SPOUSE OF GRACIE A. CASHION
SERVE: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES OF
HEIRS OF DAVIS CASHION, deceased heir of
GRACIE A. CASHION
SERVE: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES OF HEIRS
OF FLORENCE MCKINNEY, deceased heir of
GRACIE A. CASHION
SERVE: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES OF
HEIRS OF BOBBY RAY CASHION, deceased heir of
GRACIE A. CASHION
SERVE: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES OF
HEIRS OF WILLIAM HAROLD CASHION, deceased heir of
GRACIE A. CASHION
SERVE: Warning Order Attorney

UNKNOWN OCCUPANT(S), TENANT(S) OR LESSEE(S)
OF 206 IRVAN STREET, MURRAY, KENTUCKY
SERVE: Warning Order Attorney

## **COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1.       This is a mortgage foreclosure action brought by the United States of America on

behalf of its agency, the United States Department of Agriculture Rural Housing Service also

known as Rural Development (hereinafter collectively "RHS").

3

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      RHS is the holder of a promissory note ("the Note") executed for value on September 30, 1988 by Defendant **Gracie A. Cashion** ("the Borrower").  The principal amount of the Note was $30,500.00, bearing interest at the rate of 9.5 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on September 30, 1988, in Mortgage Book 173, Cabinet 2, Drawer 25, Card 753, in the Office of the Clerk of Calloway County, Kentucky.  Through the Mortgage, the Borrower, single, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 206 Irvan Street, Murray, Calloway County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.      To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

7.      RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS has sent a notice of the default and acceleration of the loan.

4

8.      In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

9.      The unpaid principal balance on the Note is $7,637.80 with accrued interest of $4,932.03 through June 18, 2019 with a total subsidy granted of $43,754.73, and fees assessed of $10,531.95, for a total unpaid balance of $66,856.51 as of June 18, 2019.  Interest is accruing on the unpaid principal balance at the rate of $1.9879 per day after June 18, 2019.

10.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

11.     Gracie A. Cashion passed away on or about July 11, 2011.

12.     Upon information and belief, Gracie A. Cashion died intestate.  Plaintiff was unable to find a probate action filed in the name of this individual.

13.     Upon the death of Gracie A. Cashion intestate, title to the Property vested in her heirs-at-law, subject to the mortgage interest of the United States.

14.     The United States names **Virginia Felgenhauer**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

15.     The United States names **Brenda Ferguson**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

16.     The United States names **Lisa Widener**, heir of Bobby Cashion, a deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim

they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

17.     The United States names **Randall Widener**, spouse of Lisa Widener, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

18.     The United States names **Jennifer Wilbanks**, an heir of William Harold Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

19.     The United States names **Brandy Walker**, an heir of William Harold Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

20.     The United States names **James Walker**, as spouse of Brandy Walker, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

21.     The United States names **Terry Billington**, an heir of William Harold Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

22.     The United States names **Hannah Billington**, as spouse of Terry Billington, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to

the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

23.     The United States names **Brad Billington**, an heir of William Harold Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

24.     The United States names **Tabitha Billington**, as spouse of Brad Billington, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

25.     The United States names **Joseph Moneymaker**, an heir of William Harold Cashion,  deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

26.     The United States names **Brian Cashion**, an heir of William Harold Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

27.     The United States names **Rebecca Cashion**, as spouse of Brian Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

28.     The United States names **William E. Cashion**, an heir of William Harold Cashion,  deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

29.     The United States names **Ashley B. Cashion**, as spouse of William E. Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

30.     The United States names **Courtney Cashion**, an heir of Davis Cashion, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

31.     The United States names **Margaret Tom**, an heir of Florence McKinney, deceased heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

32.     The United States names **Any Unknown Heirs and Spouses of Heirs of Gracie A. Cashion** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

33.     The United States names **Any Unknown Spouse of Gracie A. Cashion** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to

the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

34.     The United States names **Any Unknown Heirs and Spouses of Heirs of Davis Cashion**, a deceased heir of Gracie A. Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

35.     The United States names **Any Unknown Heirs and Spouses of Heirs of Florence McKinney**, a deceased heir of Gracie A. Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

36.     The United States names **Any Unknown Heirs and Spouses of Heirs of Bobby Ray Cashion**, a deceased heir of Gracie A. Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

37.     The United States names **Any Unknown Heirs and Spouses of Heirs of William Harold Cashion**, a deceased heir of Gracie A. Cashion, as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

38.     The United States names **Unknown Occupant(s), Tenant(s) or Lessee(s) of 206 Irvan Street, Murray, Kentucky** as a Defendant to allow this Defendant to assert whatever

right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

39.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.      In rem judgment against the interests of the Defendants in the Property in the principal amount of $7,637.80, plus $4,932.03 interest as of June 18, 2019, and $43,754.73 for reimbursement of interest credits, and fees assessed of $10,531.95, for a total unpaid balance due of $66,856.51 as of June 18, 2019, with interest accruing at the daily rate of $1.9879 from June 18, 2019, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.      That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.      That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.      That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.      That the Property be adjudged indivisible and be sold as a whole; and

f.      That the United States receive any and all other lawful relief to which it may be

entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney

s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| KIND OF LOAN | |
|---|---|
| Type: ___ RH | |
| Pursuant to: | |
| ☐ Consolidated Farm and Rural Development Act. | |
| ☒ Title V of the Housing Act of 1949. | |

**PROMISSORY NOTE**

| STATE |
|---|
| KENTUCKY |
| COUNTY |
| CALLOWAY |
| CASE NO. |
| 20-18- |

Date  SEPTEMBER 30TH , 19 88 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

MURRAY,  KENTUCKY ,

THE PRINCIPAL SUM OF  THIRTY THOUSAND FIVE HUNDRED AND NO/100—————————

DOLLARS ($ 30,500.00——————————— ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

NINE AND ONE HALF—————————— PERCENT ( 9.5000 %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.     Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 ___ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.     Principal and Interest payments shall be deferred.  The interest accrued to _____ , 19 ___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.     Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___, through _____ , 19 ___,

Principal and later Interest shall be paid in _____ installments as indicated in the box below;

☒ IV.     Payments shall not be deferred. Principal and Interest shall be paid in  396  installments as indicated in the box below:

$ 253.00  on  OCTOBER 28TH , 19 88 , and

$ 253.00  thereafter on the  28TH  of each  MONTH

until the **PRINCIPAL and INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE**  THIRTY-THREE ( 33 ) YEARS from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Gracie A. Cashion_ (SEAL)

Gracie A. Cashion      *(BORROWER)*

_____ (SEAL)

*(SPOUSE)*

206 Irvan Street

Murray, Kentucky 42071

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 30,500.00 | 9-30-88 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 30,500.00 | 9-30-88 |

☆ U.S.GPO:1979-0-665-052/8

*Position 2*          FmHA 440-16 (Rev. 11-10-75)

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 8-14-81)

*Position 5*

**REAL ESTATE MORTGAGE FOR KENTUCKY**

THIS MORTGAGE is made and entered into by

GRACIE CASHION, a single person

residing in _____ Calloway _____ County, Kentucky, whose post office

address is _____ 206 Irvan Street, Murray _____, Kentucky __42071__,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| 9-30-88 | $30,500.00 | 9.5% | 9-30-2021 |

The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of _____ Calloway _____:

See Exhibit A for legal description and source of title

Exhibit B

being the same (or part of the same) land conveyed*

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and Its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 30TH _____ day of _____ SEPTEMBER _____, 19 __88__.

_____ Gracie Cashion _____ (SEAL)
GRACIE CASHION

_____ (SEAL)

STATE OF KENTUCKY }
COUNTY OF _____ CALLOWAY _____ } ss:

Before me, _____ JOSEPH W. BOLIN _____, a Notary Public in and for

the County of _____ CALLOWAY _____ personally appeared _____ GRACIE CASHION _____

_____, his wife,

who acknowledged that they executed the foregoing instrument on the _____ 30TH _____

day of _____ SEPTEMBER _____, 19 __88__, as their free act and deed.

WITNESS my hand and official seal this _____ 30TH _____ day of _____ SEPTEMBER _____, 19 __88__.

(SEAL)
My commission expires: _____ 6-16-92 _____

JOSEPH W. BOLIN _____ Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

JOSEPH W. BOLIN
_____ (name)

THE NATIONAL HOTEL, MAIN AT SIXTH, MURRAY, KENTUCKY 42071
_____ (address)

JOSEPH W. BOLIN _____ (Signature)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY }
COUNTY OF _____ CALLOWAY _____ } ss:

I, _____ TERESA RUSHING _____, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 30th _____ day of _____ SEPTEMBER _____, 19 __88__, lodged for record

at 12:59 o'clock __P__ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ 30TH _____ day of _____ SEPTEMBER _____, 19 __88__

Clerk of _____ CALLOWAY _____ County Court

By _____ Nina Tipton _____, D.C.

## SCHEDULE A-1

A 0.267 acre tract of land as surveyed by Allgood Surveying Services of Murray, Kentucky, November, 1986, ocated at 206 Irvan Street in the City of Murray, Calloway County, Kentucky, shown as Lot 9 and a part of Lot 8, Normal Park Miller Place Addition to the city of Murray, Kentucky, Deed Book 55, Page 544 and being more particularly shown in Minor Plat of record in Plat Book *2*, Card *69* and described as follows:

Beginning at the Northeast corner of the herein described tract of land and the southeast corner of the John Ed Johnson property, Deed Book 130, Page 112, said point bein an existing iron pin 395± feet South of the centerline of Poplar Street and 25.00 feet west of the centerline of Irvan Street;

thence, South 1°54'378" East - 75.09 feet along the west side of Irvan Street to an existing iron pin at the southeast corner of the herein described tract of land;

thence, South 88°32'26" West - 158.89 feet with the Mike Thurmond North property line, Deed Book 164, Card 1520, to an existing iron pipe at the southwest corner of the herein described tract of land;

thence, North 2°24'13" West - 70.02 feet with the Alberta Charpman east property line, Deed Book 124, Page 230, to an existing iron piipe at the Northwest corner of the herein described tract of land;

thence, North 86°43'00" East - 159.54 feet with the said Johnson South property line to the pint of beginning.

Being the same lands conveyed by deed from James Scott and Jerry Lusk to Gracie A. Cashion dated September *30*, 1988 as recorded in Book 173, Card *752* in the Calloway County Court Clerk's Office.

FmHA Instruction 1951-I
Exhibit A

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

#### Subsidy Repayment Agreement

Date of Note __9-30-88__ Amount of Note $30,500.00 Date of mortgage __9-30-88__

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance: RH

1. Interest credit /XX/
2. Homeownership Assistance
   Program / /

Address of Property:  206 Irvan Street

Murray, KY  42071

BORROWER: Gracie A. Cashion

CO-BORROWER:

1   This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2   I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3   I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

Exhibit C

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property and occupy the dwelling as my (our) residence, I (we) may repay the principal and interest owed on the loan and defer repaying the subsidy amount until title to the property is conveyed or the dwelling is no longer occupied by me (us). If such a request is made, the amount of subsidy to be repaid will be determined when the principal and interest balance is paid. The mortgage securing the FmHA RH loan(s) will not be released of record until the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and void should the property described in the mortgage(s) be voluntarily conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the property to the Government or by foreclosure, I (we) agree that sale proceeds will be divided between the Government and me (us) in the following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as real estate taxes and assessments levied against the property which are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the property and advances made by FmHA which were not subsidy and are still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses incurred by me (us) necessary to sell the property. These may include sales commissions or advertising cost, appraisal fees, legal and related costs such as deed preparation and transfer taxes. Expenses incurred by me (us) in preparing the property for sale are not allowed unless authorized by the Government prior to incurring such expenses. Such expenses will be authorized only when FmHA determines such expenses are necessary to sell the property, or will likely result in a return greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference between the market value of the security, as determined by the FmHA appraisal at the time the first loan subject to recapture of subsidy was made, and the amount of the FmHA loan(s) and any prior lien. This amount is _____0_____ and represents _____0_____ percent of the market value of the security. (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)   The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called **value appreciation**.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:   n/a   .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Gracie A. Cashion_ Borrower
GRACIE A. CASHION          Co-Borrower

September 30, 1988
Date signed

Accepted and Agreed to,
By _Kathleen Bowling_      (FmHA Official)
RONALD W. NELSON
County Supervisor          (Title)

10-3-88
Date

oOo

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

VIRGINIA FELGENHAUER, ET AL.

**(b)**   County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    CALLOWAY

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [x] 1   U.S. Government
Plaintiff
- [ ] 2   U.S. Government
Defendant
- [ ] 3   Federal Question
(U.S. Government Not a Party)
- [ ] 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | Injury | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [x] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 893 Environmental Matters |
| [x] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 871 IRS—Third Party | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | 26 USC 7609 | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of |
| | Other | | | | State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from another district (specify)
- [ ] 6   Multidistrict Litigation
- [ ] 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**
$66,856.51

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  [ ] Yes  [x] No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE                                    DOCKET NUMBER

DATE
7/15/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# United States District Court

### WESTERN _____ DISTRICT OF _____ KENTUCKY
### AT PADUCAH

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**  (Name & Address of Defendant)

VIRGINIA FELGENHAUER, as heir
of GRACIE A. CASHION
1906 Greenbriar Road, Apt. B
Murray, KY 42071-3106

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____       _____
**CLERK**                                                                        DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on  _____  _____
        Date             Signature of Server

---

[1] **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**    (Name & Address of Defendant)

BRENDA FERGUSON, as heir
of GRACIE A. CASHION
206 Irvan Street
Murray, KY 42071

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____         _____
**CLERK**                                                                         DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

_____

☐   Returned unexecuted:

_____

_____

_____

☐   Other (specify):

_____

_____

_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____          _____

Date                                                          Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY** _____
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

LISA WIDENER, heir of BOBBY CASHION,
deceased heir of GRACIE A. CASHION
1312 Willman Lane
Knoxville, TN 37919-8147

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____
**CLERK**

_____
**(BY) DEPUTY CLERK**

_____
DATE

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____
                   Date                                  Signature of Server

---

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN**      **DISTRICT OF**      **KENTUCKY**

**AT PADUCAH**

United States of America

           **v.**

Virginia Felgenhauer, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**TO:**    (Name & Address of Defendant)

RANDALL WIDENER, spouse of LISA WIDENER
1312 Willman Lane
Knoxville, TN 37919-8147

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
**CLERK**

_____
**(BY) DEPUTY CLERK**

_____
DATE

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on  _____        _____
                                Date                                        Signature of Server

_____

[1]      **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY** _____
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**    (Name & Address of Defendant)

BRANDY WALKER, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
315 North 7th Street
Murray, KY 42071-2026

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
**CLERK**                                                                              DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and    discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____     _____
                        Date                                     Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY**
**AT PADUCAH**

United States of America             **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

    **v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

   JAMES WALKER, spouse of BRANDY WALKER
   315 North 7th Street
   Murray, KY 42071-2026

  **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

   William F. Campbell
   Assistant U.S. Attorney
   United States Attorney's Office
   717 West Broadway
   Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
**CLERK**                     DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date |
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____          _____
Date                                                    Signature of Server

---

[1]   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** ———— **DISTRICT OF** ———— **KENTUCKY** ————
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

TERRY BILLINGTON, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
2110 Carol Drive
Murray, KY 42071-2784

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within \_\_\_\_twenty-one (21)\_\_\_\_ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

—————————————————————                —————————————————————
**CLERK**                                                                                    DATE

—————————————————————
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____        _____
                                    Date                                                    Signature of Server

_____

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN**       **DISTRICT OF**       **KENTUCKY**
**AT PADUCAH**

United States of America            **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**     (Name & Address of Defendant)

HANNAH BILLINGTON, spouse of TERRY BILLINGTON
2110 Carol Drive
Murray, KY 42071-2784

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____                    _____
**CLERK**                                                                            DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and    discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on   _____    _____
                         Date                                   Signature of Server

---

[1]    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**

**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

BRAD BILLINGTON, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
1412 Beach Road
Kirksey, KY 42054-8943

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____         _____
**CLERK**                                                                                      DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____          _____
                          Date                                           Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____ **WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY** _____
**AT PADUCAH**

United States of America                     **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

     **v.**

Virginia Felgenhauer, et al.

**TO:**    (Name & Address of Defendant)

     TABITHA BILLINGTON, spouse of BRAD BILLINGTON
     1412 Beach Road
     Kirksey, KY 42054-8943

    **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

     William F. Campbell
     Assistant U.S. Attorney
     United States Attorney's Office
     717 West Broadway
     Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____     _____
**CLERK**                                                                          DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and   discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

_____

☐    Returned unexecuted:

_____

_____

_____

☐    Other (specify):

_____

_____

_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____
                             Date                                       Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN**      **DISTRICT OF**      **KENTUCKY**
### AT PADUCAH

United States of America           **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**    (Name & Address of Defendant)

BRIAN CASHION, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
1088 Reno Flinchum Road
Walnut Cove, NC 27052-6631

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
**CLERK**                                                     DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date |
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____    _____
                          Date                                    Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
AT PADUCAH

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

REBECCA CASHION, spouse of BRIAN CASHION
1088 Reno Flinchum Road
Walnut Cove, NC 27052-6631

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

**CLERK**

_____
DATE

_____

**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____     _____
                         Date                                      Signature of Server

---

[1]      As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY** _____
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**    (Name & Address of Defendant)

WILLIAM E. CASHION, heir of WILLIAM HAROLD CASHION,
deceased heir of GRACIE A. CASHION
253 Lothridge Lane D
Lexington, NC 27292-5704

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
**CLERK**                                                                            DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____        _____
                          Date                                                   Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

<u>**WESTERN**</u>               **DISTRICT OF**        <u>**KENTUCKY**</u>

**AT PADUCAH**

United States of America                    **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

       **v.**

Virginia Felgenhauer, et al.


**TO:**     (Name & Address of Defendant)

    ASHLEY B. CASHION, spouse of WILLIAM E. CASHION
    4113 Holloway Church Road
    Lexington, NC 27292-8570

  **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)


      William F. Campbell
      Assistant U.S. Attorney
      United States Attorney's Office
      717 West Broadway
      Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____            _____
**CLERK**                                                DATE



_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on     _____     _____
　　　　　　　　　　　Date　　　　　　　　　　　　　　　　Signature of Server

_____

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

__WESTERN__ _____ DISTRICT OF _____ __KENTUCKY__ _____
AT PADUCAH

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**   (Name & Address of Defendant)

COURTNEY CASHION, heir of DAVIS CASHION,
deceased heir of GRACIE A. CASHION
2413 Purdue Circle
Fort Collins, CO 80525-1768

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
**CLERK**                                                                                    DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and   discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____     _____
                  Date                                Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Virginia Felgenhauer, et al.

**TO:**     (Name & Address of Defendant)

MARGARET TOM, heir of FLORENCE MCKINNEY,
deceased heir of GRACIE A. CASHION
105 Walnut Court, Apt. B
Benton, KY 42025-1650

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                              DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and   discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____     _____

                   Date                           Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**